From Edwin .L. Kohler, Allentown.

## Schultz's Estate

Before Lamorelle, P. J., and Henderson, Van Dusen, Stearne, Sinkler, and Klein, JJ.

548

*Edwin Fischer*, for exceptants.
*Maurice G. Weinberg*, contra.

VAN DUSEN, J., November 1, 1935. — Claim of the husband of the decedent to the $5,000 preference was resisted by a niece on the ground that the husband for one year had deserted his wife and had failed to support her. The auditing judge found against these contentions;

and after reading the testimony we see no manifest error which requires us to disturb this finding. "Findings of fact by an auditing judge, like the verdict of a jury, will not be disturbed unless clear error be shown. . . . To justify a reversal there must be manifest error": Blumberg's Estate, 19 D. & C. 383; Houston's Estate, 318 Pa. 300.

It was proposed to prove the declarations of the decedent that her husband deserted her. This was a statement in her interest and not against her interest. It is argued that this is a statement concerning relationship by blood or marriage, a subject upon which declarations are admissible. The subject matter of these declarations does not fall within this category. The question is not as to the status of man and wife, but as to their manner of life from day to day.

The exceptions are dismissed and the adjudication is confirmed absolutely.